**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BALBOA CAPITAL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 6503 |
| | ) | |
| v. | ) | Judge Jorge Alonso |
| | ) | |
| GRAPHIC PALLET AND | ) | |
| TRANSPORT, INC., JOHN | ) | |
| KRAWISZ, and CHRISTY KRAWISZ, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff sues defendants Graphic Pallet Transport Corporation ("Graphic") and its principals John and Christy Krawisz for breach of contract, breach of guaranty, replevin, and detinue. The case is before the Court on plaintiff's Federal Rule of Civil Procedure ("Rule") 56 motion for summary judgment. For the reasons set forth below, the Court grants in part and strikes as moot in part the motion.

## Facts

On March 13, 2008, Graphic purchased an automated pallet nailing machine from plaintiff pursuant to lease no. 141771-000 ("first lease"). (Defs.' LR 56.1(b)(3)(B) Stmt. ¶ 7.) On August 18, 2008, Graphic purchased a mitre saw and a semi trailer from plaintiff pursuant to lease no. 141771-001 ("second lease"). (*Id.* ¶ 19.) John and Christy Krawisz guaranteed Graphic's obligations under both leases. (*Id.* ¶¶ 9-10, 21-22.)

The first lease had a term of thirty-six months and the second lease had a term of thirty-one months. (Pl.'s LR 56.1(a) Stmt., Ex. A, Compl., Ex. 1, First Lease at 1; *id.*, Ex. 3, Second Lease at 1.)

Both leases state that at the end of the term, Graphic:

> may . . . purchase all . . . of the Equipment for a sum set forth on the front of this Lease . . . . If a $1.00 or $101 buyout is indicated in the End of Term section on the front of the Lease, then at the end of the Lease Term, you shall purchase the equipment for that amount. If the Fair Market Value Purchase Option is indicated in the End of Term section on the front of this lease then, at least 180 days prior to then end of the original term, you must give us written notice, via certified mail, that you will purchase the Equipment for its fair market value, which we shall determine in our reasonable judgment, or that you will return the equipment to us. If you do not give us such written notice or if you do not purchase or deliver the Equipment in accordance with the terms and conditions of this Lease, then this Lease shall automatically renew for a 12 month term, and thereafter renew for successive 3 month terms until you deliver the Equipment to us. . . . Upon payment of End of Term option price . . . , we shall transfer our interest in the Equipment to you . . . and this Lease will terminate. . . . Until the End of Term Option price is actually paid, you will be responsible to continue to pay rent at the monthly rate set forth in this Lease.

(*Id.*, Ex. 1, First Lease at 1 & ¶ 16; *id.*, Ex. 3, Second Lease at 1 & ¶ 16.) On the first page of each lease in a box titled "End of Term Option" appear the words "Fair Market Value Purchase Option" in bold type. (*Id.*, Ex. 1, First Lease at 1; *id.*, Ex. 3, Second Lease at 1.)

When the leases expired in early 2011, Graphic did not exercise the fair market value purchase option or return the equipment. (Defs.' LR 56.1(b)(3)(B) Stmt. ¶¶ 12, 15, 24 , 27.) Rather, it contends it purchased the equipment in accordance with the $1.00 buyout option it had negotiated with plaintiff's agent, Kenny Segin. (Defs.' LR 56.1(b)(3)(B) Stmt. Ex. 1, J. Krawisz Dep. at 60-63; *id.*, Ex. 2, C. Krawisz Dep. at 23; *see id.*, Ex. 3, Segin Dep. at 20, 55-56 (testifying that he had the authority to set $1.00 lease buyouts, that customers received the buyout options they requested, and that he "could have" discussed a $1.00 buyout with John Krawisz).)

On September 11, 2011, Graphic sued plaintiff for rescission of the leases. (*See* Defs.' Resp. Mot. Summ., J., Ex. A, Compl., *Graphic Pallet & Trans., Inc. v. Balboa Capital Corp.*, No. 11 C 9101 (N.D. Ill.).) On May 30, 2012, Judge Bucklo granted Balboa's motion to dismiss the suit on the grounds that Graphic's claim was barred by California's parol evidence rule. (*See generally* Def.'s

2

LR 56.1(a) Stmt., Ex. D, Mem. Opinion & Order, *Graphic Pallet & Trans., Inc. v. Balboa Capital Corp.*, No. 11 C 9101 (N.D. Ill. May 30, 2012).) On September 11, 2013, Balboa filed this suit.

On March 17, 2014, defendants returned to plaintiff the pallet nailing machine that was the subject of the first lease. (Defs.' LR 56.1(b)(3)(B) Stmt. ¶ 17.) The same day, they told plaintiff they had just discovered that the semi trailer financed under the second lease had been stolen from one of their customers in 2011. (*Id.* ¶ 29.) Because the leases require Graphic to replace stolen equipment or pay plaintiff its residual value, on March 14, and April 8, 2011, Graphic offered to replace or pay for the trailer. (Defs.' LR 56.1(b)(3)(B) Stmt., Ex. 4, Parks Aff., Ex. A, Letter from Parks to Darcy (Mar. 14, 2014); *id.*, Ex. B, Letter from Parks to Darcy (Apr. 8, 2014).) Plaintiff did not respond to either offer. (*Id.*, Ex. 4, Parks Aff. ¶ 6.)

In August 2014, defendants returned the mitre saw, the second piece of equipment that was financed under the second lease, to plaintiff. (Pl.'s LR 56.1(a) Stmt., Ex. C, Edson Aff. ¶ 36.)

## Discussion

To succeed on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

To prevail on its breach of contract claim, plaintiff must prove "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).[1] Citing their agreement with Kenny Segin, defendants argue that the first element is lacking. Plaintiff contends that the contract claim was decided against Graphic by Judge Bucklo, and thus the doctrine of res judicata precludes Graphic from relitigating it here.

The federal doctrine of res judicata bars relitigation of a claim only if the same claim was decided on the merits in a prior suit. *See Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir.), *cert. denied*, 135 S. Ct. 286 (2014).[2] Judge Bucklo decided that plaintiff's claim for rescission was barred by the parol evidence rule. (*See generally* Mem. Opinion & Order, *Graphic Pallet & Transp., Inc. v. Balboa Capital Corp.*, No. 11 C 9101 (N.D. Ill. May 30, 2012).) But she did not rule that Graphic had breached the leases, which is the claim plaintiff asserts here. Accordingly, res judicata does not apply.

---

[1]The parties agree that California law governs. *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.,* 580 F.3d 543, 547 (7th Cir. 2009) ("'Courts do not worry about conflict of laws unless the parties disagree on which state's law applies.'") (quoting *Wood v. Mid-Valley Inc.*, 942 F.2d 425, 427 (7th Cir. 1991)).

[2]"'The preclusive effect of a federal-court judgment is determined by federal common law.'" *Adams*, 742 F.3d at 735 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)).

That does not mean, however, that Graphic can relitigate the parol evidence issue. Because Judge Bucklo decided that issue on the merits in the prior suit between the parties, collateral estoppel bars Graphic from litigating it again. *See Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000) (stating that the elements of collateral estoppel are: "(1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action.").

Defendants nonetheless argue that the doctrine does not apply because California parol evidence law changed after Judge Bucklo rendered her decision. *See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 291 P.3d 316, 324 (Cal. 2013) (stating that the parol evidence rule was not intended to preclude the proof of fraud, and overruling the line of cases that held otherwise). However, the case they cite to support their argument, *Multi Denominational Ministry of Cannabis & Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133 (N.D. Cal. 2007) relied on dictum in *State Farm v. Duel*, 324 U.S. 154 (1945), which has since been abrogated. *See Multi Denominational*, 474 F. Supp. 2d at 1143 (("[R]es judicata's preclusive force is extinguished by an intervening change in the law.") (citing *State Farm*, 324 U.S. at 162 ("[I]t is . . . the general rule that res judicata is no defense where between the time of the first judgment and the second there has been an intervening decision or a change in the law creating an altered situation."), *abrogated by Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) (stating that the "res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.")). Accordingly, as a matter of law, plaintiff has established the first element of its contract claim.

Plaintiff has also established the last three elements of the claim. *See Oasis W. Realty*, 250

P.3d at 1121 (setting forth claim elements). There is no dispute that plaintiff performed its obligations under the leases as interpreted by Judge Bucklo, Graphic did not, and plaintiff was damaged as a result. (Pl.'s 56.1(a) Stmt. ¶¶ 15-18, 27-36, 40-41.)

Though all of the claim elements are established, Graphic argues that plaintiff cannot recover for breach of the leases because they are unconscionable. The doctrine of unconscionability has "both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Walnut Producers of Calif. v. Diamond Foods, Inc.*, 114 Cal. Rptr. 3d 449, 457 (Cal. App. Ct. 2010) (quotation omitted). "[B]oth the procedural and substantive elements must be met before a contract or term will be deemed unconscionable." *Id.* (quotation omitted). The record shows that: (1) the Krawiszes incorporated Graphic in 1995; (2) they created another entity, JCK, to hold title to a 30,000 square foot facility that JCK rents to Graphic and another entity; (3) Graphic employs 25 people and has annual revenues of approximately $2 million; (4) since it has been in business, Graphic has purchased or leased twenty-three trailers and other equipment from six leasing companies; (5) the Krawiszes had the opportunity to read the leases and negotiate their terms with Kenny Segin; and (6) "Fair Market Value Purchase Option" appears in bold type on the front of each lease under the heading "End of Term Option." (Pl.'s LR 56.1(a) Stmt., Ex. A, Compl., Ex. 1, First Lease at 1; *id.*, Ex. 3, Second Lease at 1; Defs.' LR 56.1(b)(3)(B) Stmt., Ex. 1, J. Krawisz Dep. at 6-28, 60-61; *id.*, Ex. 2, C. Krawisz Dep. at 9-23.) In short, the record contains no evidence that suggests the leases are unconscionable.

Even if the leases are enforceable, defendants contend that plaintiff cannot recover all of the damages it seeks because it failed to mitigate. Specifically, defendants argue that plaintiff should have filed this suit immediately after Judge Bucklo dismissed defendants' suit in May 2012. "Ordinarily a person injured by the breach of an obligation has the duty to minimize damages and avoid or reduce

6

the loss suffered by the offender." *See Seaboard Music Co. v. Germano*, 101 Cal. Rptr. 255, 257 (Cal. App. Ct. 1972). However, defendants do not cite and the Court has not found any support for the notion that a non-breaching party is required to file suit, let alone do so as quickly as possible, to mitigate its damages. Thus, the Court rejects this argument.

Alternatively, Graphic argues that plaintiff cannot recover any rent due under the second lease after March 2014, when Graphic offered to provide a replacement trailer for the one that was stolen or to pay plaintiff its fair market value. The Court disagrees. The second lease covered both the trailer and the mitre saw. (*See* Pl.'s LR 56.1(a) Stmt., Ex. A, Compl., Ex. 3, Second Lease, Ex. A & Vehicle Addendum.) Though plaintiff offered to replace or pay for the trailer in March 2014, plaintiff asserts, without contradiction by defendants, that defendants did not return the mitre saw until August 2014. (*Id.*, Ex. C, Edson Aff. ¶ 36.) Because defendants did not return all of the property that was the subject of the second lease until August 2014, plaintiff is entitled to collect damages up to that date.

Defendants further argue that plaintiff should not be allowed to collect late fees and prejudgment interest, though the leases provide for the recovery of both, because enforcement of these provisions would be unfair. Again, the Court disagrees. Contract provisions for recovery of prejudgment interest and late fees are enforceable under California law. *See, e.g.*, Cal. Civil Code § 3289 (stating that "[a]ny legal rate of interest stipulated by a contract remains chargeable after a breach thereof"); *Roodenburg v. Pavestone Co., L.P.*, 89 Cal. Rptr. 3d 558, 563 (Cal. App. Ct. 2009) (interest); *Cf. Bronco Wine Co. v. Frank A. Logoluso Farms*, 262 Cal. Rptr. 899, 907-08 (Cal. App. Ct. 1989) (late fees and interest). Defendants have not offered any facts or law that support relieving them of the contractual obligations they freely undertook.[3]

In short, there is no genuine issue of material fact as to plaintiff's breach of contract claim against Graphic. Therefore, the Court grants plaintiff's motion for summary judgment on this claim.

There is also no triable fact issue as to plaintiff's breach of guaranty claims. It is undisputed that John and Christy Krawisz guaranteed Graphic's obligations under the leases, that Graphic breached the leases, and that John and Christy did not pay Graphic's debt. (Defs.' LR 56.1(b)(3)(B) Stmt. ¶¶ 9-10, 21-22, 41, 43, 55-58); *see Torrey Pines Bank v. Superior Court*, 265 Cal. Rptr. 217, 220 (Cal. App. Ct. 1989) (setting forth the elements of a breach of guaranty claim). Accordingly, plaintiff is entitled to judgment as a matter of law on Counts II and III.

That leaves Counts IV and V for replevin and detinue, respectively. Given the undisputed fact that defendants have returned all of plaintiff's equipment, the Court dismisses these claims as moot.

---

[3]Defendants do not dispute that attorney's fees are recoverable but contend that fees should be addressed by separate motion pursuant to Local Rule 54.3. In this case, however, plaintiff is seeking fees as an element of contract damages, not as a prevailing party in a suit. Thus, attorney's fees are recoverable as part of the judgment.

## **Conclusion**

For the reasons set forth above, the Court grants in part and strikes as moot in part plaintiff's motion for summary judgment [46]. The motion is granted as to the claims in Counts I-III and stricken as moot as to the claims in Counts IV and V. The parties have fourteen days from the date of this order to file an agreed proposed judgment order that is consistent with this order. If the parties cannot agree on a proposed judgment order, each party must file a proposed judgment order and supporting materials within the same fourteen-day period. Thereafter, the Court will enter judgment in this case.

**SO ORDERED.**   **ENTERED:   February 6, 2015**

_____
**HON.  JORGE ALONSO**
**United States District Judge**